**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Sally Dubanowich | : | |
| 5878 Hedley Road | : | |
| Radnor, Ohio 43066 | : | |
| Individually and on behalf of others | : | CASE NO. |
| similarly situated, | : | |
| | : | JUDGE: |
| Plaintiff, | : | |
| v. | : | MAGISTRATE: |
| | : | |
| Autumnwood Homes, Inc. | : | |
| c/o Brad E. Halley | : | |
| 25 Ravine Rd. | : | |
| Powell, Ohio 43065 | : | |
| | : | |
| And | : | |
| | : | |
| Autumnwood Funding | : | |
| c/o Kim R. Knoppe | : | |
| 634 Bear Run Lane | : | |
| Lewis Center, Ohio 43035 | : | |
| | : | |
| And | : | |
| | : | |
| Brian Knoppe | : | |
| 634 Bear Run Lane | : | |
| Lewis Center, Ohio 43035 | : | |
| | : | |
| And | : | |
| | : | |
| Chris Knoppe | : | |
| 634 Bear Run Lane | : | |
| Lewis Center, Ohio 43035 | : | |
| | : | |
| And | : | |
| | : | |
| Kim Knoppe | : | |
| 634 Bear Run Lane | : | |
| Lewis Center, Ohio 43035 | : | |
| | : | |
| John Doe Business Entities | : | |
| | : | |
| Defendants. | : | |

1

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Sally Dubanowich ("Plaintiff"), individually and on behalf of all others similarly situated, and through her attorneys, for her Complaint against Defendants Autumnwood Homes, Inc., Autumnwood Funding, Brian Knoppe, Chris Knoppe, and Kim Knoppe, ("Defendants") state and allege the following:

## NATURE OF THE ACTION

1.  Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of all current and former misclassified employees who work or worked for Defendants within the United States (the "Collective Action Members").  Defendants violated the FLSA by misclassifying and failing to pay Plaintiff and the other Collective Acton Members minimum wage for all hours worked and overtime premium compensation for hours worked over 40 in a single workweek.

2.  Plaintiff also brings this action, pursuant to Fed. R. Civ. P. 23, as the Ohio Class Representative on behalf of herself and all similarly-situated current and former employees who worked in Ohio (the "Ohio Class"), to remedy violations of the Ohio Wage and Hour Laws, including the Ohio Minimum Wage Act, O.R.C. § 4111.01 *et seq.* ("OMWA")*,* and Section 34a of Article II of the Ohio Constitution ("Section 34a") and ORC §4113.15, Ohio's Prompt Pay Act.

3.  Defendants violated the OMWA by failing to pay its employees for all hours worked, failing to pay overtime on a timely basis, and failing to pay the legally required amount of overtime compensation in an amount required by law for all hours worked over 40 in a workweek. Defendants violated Section 34a by failing to maintain wage and hour records and by failing to pay minimum wage.  Defendants violated the Prompt Pay Act

2

by failing to pay Plaintiff and other members of the class within the time required by law. Plaintiff and the Ohio Class are entitled to unpaid wages from Defendants for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the OMWA; they are also entitled to the relief provided by Section 34a and O.R.C. 4111.14.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaitniffs' FLSA clai,ms pursuant to 28 U.S.C. §§1331, 1332, and/or 1337 and 29 U.S.C. §216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) because Defendants reside in this district and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES AND BACKGROUND FACTS

7. At all times relevant, Plaintiff was a citizens of the United States and residents of Delaware County, Ohio.

8. Defendant Autumnwood Homes Inc. is an Ohio corporation registered and licensed to do business in the State of Ohio.

9. Defendant Autumnwood Funding is a fictitious trade name registered by Defendant Kim Knoppe.

10. Defendants are in the business of buying and selling real estate, rehabilitating neglected homes, funding the purchase and/or repair costs of single family rehabilitation projects, leasing and managing rental properties, among other business ventures.

11. Defendants operate out of offices located in Lewis Center, Delaware County, Ohio.

12. Defendants Brian Knoppe, Chris Knoppe and Kim Knoppe are individuals residing in Lewis Center, Delaware County Ohio and are the principal owners/shareholders of Autumnwood Homes and Autumnwood Funding, and other related business entities.

13. Upon information and belief, the Defendants operate in concert and together in a common enterprise and through related activities, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA.

14. At all times relevant, Defendants, and each of them, were employers within the meaning of the FLSA, 29 U.S.C. §203(d) and Ohio law.

15. Defendants each had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former misclassified hourly employees, including without limitation, those terms and conditions relating to the claims alleged herein.

16. Defendants employed, but misclassified, hourly employees who performed duties such as property appraisals, property management, maintenance, and other duties.

17. Prior to January, 2016 Defendants misclassified all of their employees and characterized them as independent contractors.

18. Plaintiff Dubanowich worked for Defendants as an Appraisal Analyst from August 12, 2014 until October 6, 2015.

4

19. Plaintiff and other similarly situated misclassified employees were employed exclusively by Defendants, but were paid as though they were independent contractors.

20. As a matter of economic reality, Plaintiff and the members of the collective depended upon Defendants for their livelihood.

21. Plaintiff and other similarly situated employees were not permitted to accept other employment while working for Defendants.

22. Plaintiff and other similarly situated employees had a Compensation Contract which unlawfully required them to forfeit pay if they did not provide Defendants with two full weeks' notice before resigning.

23. Defendants dictated the manner and means by which Plaintiff and other members of the collective performed the duties of their position.

24. Defendants Brian, Chris and Kim Knoppe were employers pursuant to 29 U.S.C. §203(d) in that they "act[ed] directly or indirectly in the interest of an employer, in relation to employees," including.

25. Defendants Christopher Knoppe and Brian Knoppe have operational control over all or significantly all aspects of the day to day operations of the Defendant business entities, including compensation of employees.

26. Defendant Brian Knoppe makes decisions about staffing, scheduling and payroll.

27. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. §203(r).

28. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

29. At all times relevant herein, Plaintiff were employees within the meaning of 29 U.S.C. §203 and O.R.C. §4111.01, et seq.

30. At all times relevant, Plaintiff were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§206-207.

31. Plaintiff were full-time, hourly employees who reported to work pursuant to a schedule dictated by Defendant Chris Knoppe.

32. Plaintiff was required to track her hours on time sheets and turn in those time sheets in order to be paid.

33. Plaintiff routinely worked more than forty (40) hours in a workweek.

34. Plaintiff were paid a straight hourly rate for hours worked, but were not paid time and one half their normal hourly rate for overtime.

35. Both the FLSA and Ohio law requires employers to pay their employees time and one half their normal hourly rate for all hours worked in excess of forty hours per week.

36. As a result of Defendants' unlawful compensation contract, Plaintiff did not receive wages for all the hours she worked.

37. Plaintiff quit her job without giving Defendants a full two weeks' notice, therefore, she did not receive pay for her final bi-weekly pay cycle.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff restates and incorporates the foregoing allegations as if fully restated herein.

39. Plaintiff brings this case as an FLSA collective action pursuant to 29 U.S.C. §216(b) which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer…by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

40. Persons who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of employees who were misclassified as independent contractors and who had a Compensation Contract which unlawfully required them to forfeit pay if they did not provide Defendants with two full weeks' notice before resigning.

41. Such persons are similarly situated with respect to Defendants' FLSA violations and Ohio law violations in that they:

   a. Were misclassified as independent contractors;

   b. Were not paid overtime wages for all hours worked in excess of forty hours per week;

   c. Were not paid their final paycheck if they did not give a full two-week notice.

42. All such similarly situated persons were subjected to Defendants' policies and practices, all were injured by Defendants FLSA violations, and all have the same claims against Defendants for unpaid wages, as well as liquidated damages, attorney's fees and costs.

43. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is necessary and appropriate so that such persons may be sent a Court authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

44. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of at least twenty (25) persons. Such persons are known to Defendants and are easily identifiable through the payroll records Defendants were required to maintain pursuant to the FLSA and Ohio law.

45. Plaintiff's claims are typical of the claims of the FLSA Collective because she and all of the Collective sustained damages as a result of Defendants' unfair and discriminatory compensation practices.

46. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to her, are in the Defendants' possession and custody.

47. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

## CLASS ACTION ALLEGATIONS

48. Plaintiff restates and incorporates the foregoing allegations as if fully restated herein

49. Plaintiff brings this action not only for herself but as representatives for a class action on behalf of all persons employed with Defendants in Ohio who meet the definition the putative class members during any time in the three years prior to the date of filing Plaintiff's complaint.

50. The Putative Class consists of all present and former employees who were employed by Defendants but were misclassified as independent contractors during the three years preceding the commencement of this action.

51. The Putative Class members are "similarly situated" with respect to Defendants' Ohio law violations in that they:

   a. worked for Defendants in positions that were misclassified as independent contractors;

   b. and worked more than forty hours in a workweek and did not receive overtime compensation;

8

    c.   were not paid minimum wage for all hours worked;

    d.   and were not paid wages in accordance with the Prompt Pay Act.

52. The injuries and damages to the class present questions of law and fact that are common to each class member within the class, and that are common to the class as a whole.

53. Defendants have engaged in the same conduct regarding all of the other members of the class asserted in this suit.

54. The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the class, and the claims, defenses and injuries of the class members within the class are typical of those of the entire class.

55. Plaintiff will fully and adequately protect and represent the class, and all of its putative class members.

56. The identity of all members of the class cannot be determined at this time, but will be so determined at a later time upon obtaining discovery form Defendants and others.

57.  The prosecution of separate actions by each member of the class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of each class that would establish incompatible standards of conduct for Defendants.

58. The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual members of each class which, as a practical matter, would be dispositive of the interest of their members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect those interests.  Further, the maintenance of each class as a class action is the superior means of disposing of the common questions which predominate herein.

## COUNT I
## DEFENDANTS' RECORDKEEPING VIOLATIONS

59. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time. 29 U.S.C. §211(c) & 29 C.F.R. §215.2; Ohio Const. art. II, §34a. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. art. II, §34a.

60. Defendants violated federal and state recordkeeping requirements by failing to maintain accurate and complete records of employees' time. For the three years prior to the filing of this Complaint, Defendants did not utilize a mechanical or electronic time-clock system.

61. Defendants' time records for Plaintiff and other members of the FLSA Collective and putative class were inaccurate and incomplete.

62. Plaintiff and other members of the FLSA Collective and putative class are entitled to damages as a result of Defendants' recordkeeping violations, including liquidated damages and attorney's fees.

## COUNT II
## FLSA MINIMUM WAGE AND OVERTIME VIOLATIONS
## 29 U.S.C. §206

63. Plaintiff restates and incorporate the foregoing allegations as if completely rewritten herein.

64. At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 and 207(a).

66. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§203(e) and 207(a).

67. The FLSA requires that every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce a minimum wage for all hours worked (currently $7.25/hr.).

68. Plaintiff and other members of the Collective should have been paid at least the minimum wage for all hours worked.

69. Plaintiff Dubanowich was not paid any wage for the hours she worked from September 25, 2015 to October 6, 2015.

70. The overtime wage provisions set forth in §§201 et seq. of the FLSA apply to Defendants.

71. Plaintiff routinely worked more than forty (40) hours per workweek.

72. Defendants have failed to pay Plaintiff and other members of the Collective the overtime wages to which they are entitled under the FLSA.

73. Defendants' violations of the FLSA have been intentional.

74. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other members of the Collective.

75. Because Defendants violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

76. As a result of Defendants willful violations of the FLSA, Plaintiff and members of the Collective have suffered damages by being denied wages in accordance with 29 U.S.C. §§201, et seq.

77. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

<strong><u>COUNT III</u><br><u>MINIMUM WAGE VIOLATIONS</u><br><u>UNDER OHIO LAW ARTICLE II SECTION 34a</u></strong>

78. Plaintiff restate and incorporates the foregoing allegations as if fully restated herein.

79. At all times relevant, Defendants were employers required to comply with the Ohio Constitution Article II Section 34a.

80. Ohio law requires that every employer pay to each of his employees a minimum wage for all hours worked, currently $8.10 per hour. Plaintiff and all other members of the putative class should have been paid minimum wage for all hours worked.

81. Plaintiff Dubanowich was not paid any wage for the hours she worked from September 25, 2015 to October 6, 2015.

82. Upon information and belief, other members of the putative class were not paid for their final two weeks of employment.

83. Defendants willfully violated Ohio law and regulations by refusing to pay Plaintiff their final paychecks. Plaintiff and other similarly situated employees had a Compensation Contract which unlawfully required them to forfeit pay if they did not provide Defendants with two full weeks' notice before resigning.

84. By engaging in this practice, Defendants knowingly and willfully violated Ohio law and regulations, including recordkeeping regulations, thereunder that have the force of law.

85. As a result of Defendants' violations of Ohio law, Plaintiff and other members of the putative class are/were injured in that they did not receive wages due to them.

86. Plaintiff is entitled to compensation including unpaid wages, treble damages, and attorney's fees.

**COUNT IV**
**FAILURE TO PAY OVERTIME**
**IN VIOLATION OF ORC §4111.01**

87. Plaintiff restates and incorporates the foregoing allegations as if fully restated herein.

88. Defendants are employers as that term is defined by ORC §4111 *et seq.*

89. Pursuant to Ohio law, Plaintiff, and members of the putative class, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per work week.

90. During their employment with Defendants, Plaintiff and members of the putative class, regularly worked overtime hours but were not paid time and one-half compensation for same.

91. Plaintiff and the putative class members do not qualify for any exemptions from the wage and overtime obligations imposed by the Ohio law.

92. Plaintiff and the putative class members are entitled to unpaid overtime wages.

93. The exact amount of compensation, including overtime compensation that Defendants have failed to pay the Plaintiff and the putative class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

94. Ohio law requires employers to make, keep, and preserve records of the wages, hours and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review her records of hours worked to determine the exact amount of overtime wages owed by Defendants.  Absent Defendants keeping these records as required by law, Plaintiff is entitled to submit their information about the number of hours worked.

95. Plaintiff and the putative class are entitled to damages and fees arising out of Defendants' failure to maintain accurate records as required by Ohio law.

## COUNT V
## FAILURE TO PAY WAGES IN VIOLATION OF THE
## PROMPT PAY ACT

96. Plaintiff restates and incorporates the foregoing allegations as if fully restated herein.

97. During the three year period preceding the filing of this Complaint, Defendants were entities covered by the Prompt Pay Act, ORC §4113.15 and Plaintiff and the Rule 23 Class were employees within the meaning of ORC §4113.15 and were not exempt from its protections.

98. ORC §4113.15(A) requires that Defendants pay Plaintiff and the Rule 23 Class all wages including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

99. Plaintiff and the Rule 23 Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

100.    In violating Ohio law, Defendants acted willfully, without good faith basis and with reckless disregard to Ohio law.

101.    As a result of Defendants' willful violation, Plaintiff and the Rule 23 Class are entitled to unpaid wages and liquidated damages, as stated in ORC §4113.15.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b) and direct that Court-approved notice be issued to similarly situated employees informing them of this action and enabling them to opt in;

B.  Enter judgment against Defendants and in favor of Plaintiff and other members of the FLSA Collective and putative class;

C.  Award compensatory damages to Plaintiff and other members of the FLSA Collective in the amount of their unpaid wages, as well as liquidated damages;

D.  An Order awarding Plaintiff her costs and reasonable attorneys' fees; and

E.  For an Order determining at the earliest possible time that this matter may proceed as a class action under Civil Rule 23 and certifying this as such;

With respect to the Ohio Class:

1.  Designation of Plaintiff as Class Representatives;

2.  An award of damages and liquidated damages;

3.  Pre-judgment and Post-judgment interest, as provided by law;

4.  Such other injunctive and equitable relief as the Court may deem just and proper; and

5.  Costs and attorneys' fees.

15

F. Award Plaintiff her costs and attorney's fees incurred in prosecuting this action and such other relief as the Court deems equitable and just;

G. Such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/Sharon Cason-Adams*
Sharon Cason-Adams (0067550)
sharon@adamsliming.com
Roxi A. Liming (0069602)
roxi@adamsliming.com
Adams & Liming, L.L.C.
Rivers Edge Corporate Center
1335 Dublin Road, Suite 104D
Columbus, Ohio 43215
(614) 488-2015-telephone
(614) 488-2069-facsimile
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury of her peers.

*/s/Sharon Cason-Adams*
Sharon Cason-Adams (0067550)

16