# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SALLY DUBANOWICH,**

    **Plaintiff,**

                                **Civil Action 2:17-cv-622**
                                **Judge Michael H. Watson**
    **v.**                              **Magistrate Judge Chelsey M. Vascura**

**AUTUMNWOOD HOMES, INC.,** *et al.***,**

    **Defendants.**

## THIRD SHOW CAUSE ORDER and REPORT AND RECOMMENDATION

Plaintiff initiated this action on July 17, 2017, by filing a Complaint against Defendants Autumnwood Homes, Inc., Autumnwood Funding, Brian Knoppe, Chris Knoppe, and Kim Knoppe. (ECF No. 1.) After the Court issued its first Show Cause Order on November 30, 2017, (ECF No. 2), Plaintiff responded and was granted an extension of time to effect service over all Defendants. (ECF Nos. 4 & 6.) The Court issued its Second Show Cause Order on January 18, 2018, (ECF No. 7), ordering Plaintiff to file proof of service within fourteen days of the date of the Order or to provide good cause for another extension to effect service. On January 31, 2018, Plaintiff filed proof that the summons were returned as executed for Defendants Autumnwood Funding and Autumnwood Homes, Inc., but has not provided any indication that Brian Knoppe, Chris Knoppe, or Kim Knoppe were properly served in their individual capacities.

Thus, this matter is before the Court for two reasons. First, because Plaintiff has failed to timely effect service over Brian Knoppe, Chris Knoppe, and Kim Knoppe, the undersigned

**RECOMMENDS** those three named Defendants be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service under Federal Rule of Civil Procedure 4(m).

Second, Plaintiff's proof-of-service affidavits reflect a service date of December 13, 2017, for Defendants Autumnwood Homes, Inc. and Autumnwood Funding. Based upon this service date, these Defendants were required to file an answer or responsive pleading by January 3, 2018. To date, neither of these Defendants have filed an answer or other responsive pleading. Nor has Plaintiff applied for and obtained an entry of default from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). Pursuant to Local Civil Rule, 55.1(a), Plaintiff is **ORDERED** to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS** of the date of this Order why the claims against Defendants Autumnwood Homes, Inc. and Autumnwood Funding should not be dismissed for want of prosecution under Federal Rule of Civil Procedure 41(b) unless she has applied for an entry of default from the Clerk in the interim for those Defendants over which she has properly served pursuant to Rule 4(h).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE