UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sally Dubanowich,

    Plaintiff,

    v.      Case No. 2:17-cv-622

Autumnwood Homes, Inc., *et al.*,      Judge Michael H. Watson
    Magistrate Judge Vascura
    Defendants.

## OPINION AND ORDER

On February 3, 2018, Magistrate Judge Vascura issued a Third Show Cause Order ("Order") and Report and Recommendation ("R&R") on this case. Order and R&R, ECF No. 10. For the following reasons, the Court **ADOPTS** the R&R and **DISMISSES** this action in its entirety.

Since this action was initiated on July 17, 2017, Plaintiff has neither timely effected service nor otherwise prosecuted this action. More than ninety days after Plaintiff's Complaint was filed, Magistrate Judge Vascura issued an order to show cause why the Court should not dismiss the action for failure to timely effect service. ECF No. 2. Plaintiff responded with evidence of a failed attempt to timely serve process on Defendants and requested an additional thirty days to effect service. ECF No. 4. Plaintiff's requested extension was granted. ECF No. 6. After thirty days passed without the Court receiving proof of service, Magistrate Judge Vascura issued a second show cause order directing Plaintiff, within fourteen days, to file proof of service or show cause why the action should

not be dismissed for failure to prosecute. ECF No. 7. Plaintiff then filed proof of service indicating that Defendants Autumnwood Homes, Inc. and Autumnwood Funding (the "Autumnwood Defendants") were properly served on December 13, 2017. ECF Nos. 8, 9. Plaintiff did not file proof of service on Defendants Brian Knoppe, Chris Knoppe, and Kim Knoppe (the "Individual Defendants").

Magistrate Judge Vascura then issued the Order and R&R presently under review. ECF No. 10. The Order and R&R served two functions. First, it recommended dismissal of the Individual Defendants pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely effect service and advised Plaintiff that if she did not file objections to that recommendation within fourteen days, she waived her right to *de novo* review by the Undersigned and the right to appeal the District Court's decision. *Id.* at 1–3. Second, it directed Plaintiff, within fourteen days, to either apply for an entry of default against the Autumnwood Defendants or explain why the claims against them should not be dismissed pursuant to Rule 41(b) for want of prosecution. *Id.* at 2. Plaintiff had until February 22, 2018, to respond to the Court's Order and to object to the R&R. *See generally id.*

Fourteen days have passed, and Plaintiff has neither responded to the Order nor objected to the R&R. Instead, on February 21, 2018, a legal assistant at Adams & Liming LLC (the law firm representing Plaintiff), submitted an affidavit entitled "Affidavit of Victoria Marzullo in Response to Show Cause Order." Aff. in Resp., ECF No. 12. In her affidavit, the legal assistant, Victoria Marzullo

("Marzullo"), asserts that she sent requests for waivers of service via certified mail to all Defendants on September 13, 2017, but that those requests were ultimately returned to the law firm. *Id.* ¶¶ 6–7. She further asserts that the Autumnwood Defendants were personally served on December 13, 2017, *id.* ¶ 9, but that her additional attempts to serve the Individual Defendants by certified mail had proved ineffective. *Id.* ¶¶ 10–19; ECF Nos. 12-4, 12-5, 12-8, 12-9 (providing proof of several requests made by the law firm to the United States Postal Service to deliver and redeliver Marzullo's certified mailings to the Individual Defendants).

But while the title of Marzullo's affidavit indicates that it is filed as a response to the Court's Order, the affidavit itself is not a proper response to the Order (or objection to the R&R). For one thing, it is not signed by Plaintiff's counsel in accordance with Federal Rule of Civil Procedure 11(a) ("Every pleading . . . and other paper must be signed by at least one attorney of record in the attorney's name . . . .") or Local Rule 83.4(a) ("Each filing made on behalf of [a] part[y] shall identify and be signed by the trial attorney."). While Plaintiff's trial attorney does technically sign the affidavit, she does so in her role as a *notary*, not as Plaintiff's attorney. *See* Aff. in Resp. 2, ECF No. 12. What's more, while the affidavit contains a concise review of the efforts Marzullo made to serve process by certified mail upon the Individual Defendants, it provides no legal

argument that the Court could fairly construe as an objection or response.[1]

Instead, the affidavit is simply a recitation of factual occurrences.

Because Plaintiff did not object to the R&R, she waived her right to *de novo* review of the Magistrate Judge's recommended dismissal of the Individual Defendants. Therefore, the Court **AFFIRMS** and **ADOPTS** the R&R, ECF No. 10, and **DISMISSES WITHOUT PREJUDICE** the Individual Defendants from this action pursuant to Rule 4(m). Additionally, because Plaintiff did not properly or timely respond to the Order and explain her failure to prosecute this case, the Court **DISMISSES WITHOUT PREJUDICE** the Autumnwood Defendants for want of prosecution pursuant to Rule 41(b).

---

[1] Even if the Court considered the affidavit a proper response to the Order or objection to the R&R, such response and objection would fail, because Plaintiff's attempts to serve process are contrary to the Local Rules. According to Southern District of Ohio Local Civil Rule 4.2:

> If a party elects to use Ohio certified mail service, it must be done as follows:
>
> (a) The attorney of record or the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The attorney of record or the serving party shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") **showing the name of sender as "Clerk, United States District Court,** Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. The attorney of record or the serving party shall affix adequate postage to the envelope and deliver it to the **Clerk who shall cause it to be mailed.**

S.D. Ohio Civ. R. 4.2 (emphasis added). This Rule makes clear that service must be mailed by the Clerk of Court. Plaintiff's attempts to serve the Individual Defendants by certified mail sent directly from the law firm are, therefore, deficient.

As no Defendants remain, the Clerk is directed to terminate this case.

Finally, Plaintiff is **DIRECTED** to mark any re-filed case against Defendants as related to this case, No. 2:17-cv-622.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT